IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| M. A. DEATELY CONSTRUCTION, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV04-598-C-EJL |
| ) | |
| vs. ) | ORDER ADOPTING |
| ) | REPORT & RECOMMENDATION |
| CITY OF LEWISTON, et al, ) | |
| ) | |
| Defendants. ) | |

On February 24, 2006, United States Magistrate Judge Mikel H. Williams issued his report and recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the report and recommendation. On March 6, 2006, Plaintiff M.A. Deatley Construction, Inc. ("M.A. Deatley") filed its objections to the report and recommendation. On March 14, 2006, Defendant City of Lewiston filed an opposition to Plaintiff's objection to which Defendant Nez Perce County joined.

Pursuant to 28 U.S.C. § 636(b)(1) this court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

This case concerns alleged bidding improprieties by Steelman-Duff, Inc. and the Defendants regarding the bids for the Lewiston-Nez Perce County Regional Airport Runway Reconstruction Project ("Project"). Plaintiff M.A. Deatley, the sole remaining Plaintiff, filed a complaint alleging violations of Idaho's competitive bidding laws and federal law, civil conspiracy, deprivation of constitutionally protected property interest, and a violation of 42 U.S.C. § 1983. Judge Williams held a hearing on the motions for summary judgment and issued his Report and Recommendation that recommended dismissing all the federal claims and the state civil conspiracy claim, but remanding the first cause of action under Idaho competitive bid statutes to state district court.

M.A. Deatley's raises only two objections to the Report and Recommendation. First, Plaintiff claims the Court improperly recommends the dismissal of the state law civil conspiracy action. Second Plaintiff claims the Court failed to address and rule upon Plaintiff's equal protection argument raised at the hearing on the motions. The Court has reviewed the record and listened to the recording of the hearing on the summary judgment motions. The Court respectfully finds both objections are without merit and the Report and Recommendation of Judge Williams should be adopted by this Court.

As to the civil conspiracy claim, the Court agrees with Plaintiff that there exists under Idaho law a claim for civil conspiracy. "The essence of a cause of action for civil conspiracy is the civil wrong committed as the objective of the conspiracy, not the conspiracy itself." McPheters v. Maile, 138 Idaho 391, 64 P.3d 317(2003) (citing Dahlquist v. Mattson, 40 Idaho, 378, 223 P. 833 (1925). However, in McPheters, the court dismissed the claim for civil conspiracy as there were no sufficient allegations of acts committed as the objective of the conspiracy. Id. at 395, 321.

Judge Williams recommended dismissing the civil conspiracy cause of action as a matter of law. This Court agrees with the Magistrate Judge's analysis. In the present case, the claim for civil conspiracy must be dismissed as although Plaintiff has alleged a conspiracy between the city and the county, the amended complaint fails to allege with particularity as required by Idaho Rules of Civil Procedure Rule 9(b) sufficient allegations of acts committed as the objective of the conspiracy and like McPheters, the cause of action must be dismissed as a matter of law. Alternatively, the claim for civil conspiracy must be dismissed as Plaintiff is proceeding on its claim for a violation of Idaho's competitive bidding laws and the claim of civil conspiracy is a redundant tort identical to the alleged violation under Idaho's competitive bidding laws. When relief is provided pursuant to a statute, there is no reason to allow an additional tort that offers the same remedy. See Brown v. Caldwell School District No. 132, 127 Idaho 112, 118, 898 P.2d 43, 49 (1995).

Plaintiff's second objection is the Magistrate Judge failed to rule on Plaintiff's equal protection claim raised at oral argument. This Court listened to the recording of the hearing before Judge Williams. Plaintiff's counsel did briefly argue in favor of a equal protection claim (in addition to the due process claims) when a disappointed bidder alleges a governmental entity accorded

ORDER ADOPTING REPORT & RECOMMENDATION- Page 2
06ORDERS\Deatley.WPD

preferential treatment to one of the bidders.  Plaintiff cited the Court to Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F.Supp. 1118, 1133 (W.D. Penn. 1980) . In Three Rivers, Plaintiff alleged "a predetermined and unlawful preference" in favor of certain bidders and the Court held that those allegations of unequal application of the neutral bidding provisions stated a § 1983 claim for denial of equal protection.  Id.

It is undisputed that the equal protection argument was not raised in the briefing or specifically in the amended complaint.  The Magistrate Judge analyzed the procedural and substantive due process claims that were raised in the pleadings and memorandums as such were the only § 1983 claims raised by the parties.  Plaintiff claims it was deprived a property right, not an equal protection violation.  Moreover, the one Pennsylvania trial court case cited by Plaintiff, Three Rivers, is not binding on this Court.  While it may be possible to raise an equal protection claim in an improper bid award case, the Court finds Plaintiff has not raised an equal protection cause of action in its pleadings and did not move to amend its pleadings to add such a cause of action.  Therefore, Judge Williams did not commit error in failing to address the oral equal protection argument in his Report and Recommendation.

Because the Court finds the report and recommendation of Judge Williams to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams.  Acting on the recommendation of Judge Williams, and this court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

1) Defendant City of Lewiston's Motion for Partial Summary Judgment (Docket NO. 34) and joined by Defendant Nez Perce County is GRANTED IN PART AND DENIED IN PART.

2) Defendant City of Lewiston's Amended Motion for Summary Judgment (Docket No. 43) is GRANTED IN PART AND DENIED IN PART.

3) Defendant Nez Perce County's Motion to Strike (Docket No. 59) is DENIED AS MOOT.

4) Plaintiffs' Motion to Strike (Docket No. 70) is DENIED AS MOOT.

5) Defendant Nez Perce County's Second Motion to Strike (Docket No. 81) is DENIED AS MOOT.

     6) M.A. Deatley Construction, Inc.'s First Cause of Action under the competitive bidding laws be remanded to the Second District for the Judicial District for the State of Idaho, in and for the County of Nez Perce.

DATED: **April 11, 2006**

Honorable Edward J. Lodge
U. S. District Judge

ORDER ADOPTING REPORT & RECOMMENDATION- Page 4
06ORDERS\Deatley.WPD